## AUGUSTINA HAHN

*v.*

## JOSEPH HUBER *et al.*

1. ERROR—*that works no injury.* If there be error, in the reference of a cause to a master to take evidence in a suit to foreclose a deed of trust, as to the notice to be given, and he only reports the notes and deed of trust, and the decree is entered upon them regardless of the report, the decree will not be reversed, as the error worked no harm.

2. CHANCERY PRACTICE — *referring issue to a jury.* A motion, in a chancery suit to foreclose a mortgage, to submit a question of fact, as, the insanity of the mortgagor, to a jury, upon such allegation in an unsworn answer, without any affidavit of the·fact, is properly refused. An affidavit is necessary to entitle a party to have an issue so tried.

3. SAME—*postponing hearing, discretionary.* A motion to postpone the hearing of a suit in chancery for a few days, is addressed to the discretion of the chancellor, and its exercise will not be interfered with, unless the discretion has been abused.

4. CONTINUANCE—*when no diligence is shown.* An application for the continuance of a suit in chancery, where the cause is set for hearing, is properly overruled where the affidavit shows no diligence in preparing for the hearing.

5. PARTY IN CHANCERY—*party in interest.* A bill to foreclose a mortgage or deed of trust may be brought in the name of the real owner of the note secured.

WRIT OF ERROR to the Circuit Court of Peoria county; the Hon. JOSEPH W. COCHRAN, Judge, presiding.

Messrs. VOIGT & McKENZIE, for the plaintiff in·error.

Mr. JOHN S. STEVENS, for defendant in error Joseph Huber; Mr. CHARLES FEINSE, for defendant in error Joseph Miller.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill in equity, brought by Joseph Huber, to foreclose two trust deeds which were executed by Philip Hahn and Augustina Hahn, his wife, one of which was executed September 13, 1868, the other December 16, 1870, the first of which was given to secure the purchase money for the mortgaged premises.

It appears, from the bill, that an intermediate mortgage had been given by Hahn and his wife to Joseph Miller, dated June 26, 1869. It was· alleged in the bill that, some time after the execution of the two mortgages, Philip Hahn became insane, and was so adjudged in the county court of Peoria county, and that a conservator was appointed for him on the 2d day of October, 1871.

Hahn and his wife, Joseph Miller, the subsequent mort-

gagee, and the conservator, were made defendants to the bill. Answers were put in by Philip Hahn, Augustina Hahn and Joseph Miller; the latter also filed a cross-bill, in which he prayed the foreclosure of his mortgage.

A guardian *ad litem* having been appointed for Philip Hahn, on the 14th day of October, 1874, an answer was filed by him. Replications having been filed to the several answers, the cause was at issue, when, on the 1st day of December, 1874, Philip Hahn died. After Hahn's death, a supplemental bill was filed, to which Augustina Hahn was made a party defendant as administratrix.

To the supplemental bill, the administratrix put in an answer, in which she, among other things, sets up that Philip Hahn was insane when he executed the trust deeds, and that she never released her dower in the premises therein described.

At the hearing, the complainant's notes and deeds of trust were introduced in evidence. The complainant in the cross-bill, Joseph Miller, also gave in evidence his notes and mortgage, and, no further evidence having been introduced, the court decreed as prayed in original and cross-bills. Augustina Hahn, administratrix, has prosecuted this writ of error, and urges a reversal of the decree for a number of alleged errors of a technical character, none of which have any merit.

The first point relied upon is, that the court improperly, in the decree referring the cause to the master, decreed that either party might take proof upon one day's notice, when the rules of the court provided that the master should fix upon a time to take proof, reasonable notice of which should be given. We shall not stop to inquire whether the court violated any of its rules of practice in the reference of the cause to the master, or whether the exceptions filed to the master's report were well taken or not.

The master took no evidence. He barely reported the notes and mortgages set out in the bill and cross-bill, and the amount due thereon; and the report made had no particular bearing on the hearing, as the documentary evidence was before the court on the trial, and the decree rendered upon it regardless

246      Hahn *v.* Huber *et al.*     [Sept. T.

Opinion of the Court.

of the master's report; so that, if the court erred in the reference or in overruling the exceptions to the report, the error did the defendant no harm whatever, as the decree was rendered upon the notes and mortgages which were in evidence.

The defendant, as appears from the record, filed a motion, in writing, requesting the court to submit to a jury to be empanneled in the cause certain questions of fact, one of which was, whether Philip Hahn, at the time he executed the notes and deeds of trust in complainant's bill mentioned, was insane. This motion the court overruled, and the decision is relied upon as error.

It will be observed that no evidence had been taken by the defendant tending to establish the insanity of Philip Hahn, although the cause had been pending nearly three years; nor was the motion accompanied with an affidavit that insanity, in fact, existed. The motion was predicated upon the naked assertion in the defendant's answer, and that not under oath. While an issue of insanity might be a proper one for a jury in a case of this character, yet we are aware of no chancery practice which would require a chancellor to submit a question of fact to a jury, upon the bare assertion of counsel that the fact existed, unsupported by any evidence whatever. In the *Sea Insurance Co.* v. *Daggett et al.* 9 Paige, 369, an application was made by the defendants for an issue to try a question of usury set up in the answer. In deciding the motion, it was there said, " that, to entitle the defendants to an order for an issue to be tried by a jury, they must show, by affidavit or otherwise, to the satisfaction of the court, that they had probable grounds for defense, and that the answer was not put in for mere delay; that, as the answer in this case was not sworn to by any one who was willing to state on oath that he believed the allegation of usury could be sustained by proofs, the awarding of an issue would be productive of unnecessary expense and delay."

The rule announced in the case cited is believed to be in harmony with the current of authority on the question, and the court below, in deciding the motion, adhered to that rule,

and we have no hesitation in holding that the ruling was correct.

When the cause was set down for a hearing, a motion was made for a continuance, or postponement, which the court overruled, and this decision is relied upon as error. It is not claimed that the affidavit contains facts which are required in order to sustain an application for a continuance. No diligence is shown. In fact, the essential facts required to constitute a valid affidavit for a continuance are wanting. The court could not, therefore, without a disregard of the rights of complainant, continue the cause. As to a postponement for a few days, that was a matter addressed to the sound discretion of the court, which we fail to see has been abused.

It is also claimed by the defendant that the complainant can not maintain the bill in his own name, but Emil Huber should have been joined as a co-complainant. One of the notes secured by the deed of trust, it is true, was payable to complainant and Emil Huber, but he sold and indorsed the note to the complainant; and whether the sale and indorsement are sufficient to pass the legal title or not, is of no importance. There can be no doubt but the sale was good in equity. Such being the case, the complainant could maintain the bill in his own name. Other questions have been discussed, but they are not deemed of sufficient importance to merit a discussion here.

We perceive no error in the record, and the decree will be affirmed.

*Decree affirmed.*